Brian K. Julian - ISB No. 2360
Anne S. Magnelli - ISB No. 9452
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:     (208) 344-5800
Facsimile:     (208) 344-5510
E-Mail:        bjulian@ajhlaw.com
               amagnelli@ajhlaw.com
               service@ajhlaw.com

Attorneys for Defendant,
  GARY RAINSDON, TRUSTEE

THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LAURIEANN SHOEMAKER, individually, JOSEPH E. BEUMELER, individually, and JLJ FARMS, LLC, a limited liability company, | Bankruptcy Case No. 20-00713-NG Adv. Proc. No.: 21-06002-NGH |
| Plaintiffs, | |
| vs. | **MEMORANDUM IN SUPPORT OF DEFENDANT, GARY RAINSDON, TRUSTEE'S, MOTION TO DISMISS** |
| defendants, as listed within three 'Defendant Groups' | |

'Idaho Bankruptcy Court' Defendant Group
The Honorable Noh G. Hillen
Gary Rainsdon, Trustee

'Zions' Defendant Group
Zions Bancorporation, N.A. f/k/a ZB, N.A. dba
Zions First National Bank
Zions Bank
Clint Nef
SAG Intermountain
David H Leigh
Michael D. Mayfield
Ray Quinney & Nebeker, P.C.

'Idaho Bankruptcy Debtor Lawyers' Defendant
Group
Patrick Geile

MEMORANDUM IN SUPPORT DEFENDANT, GARY RAINSDON, TRUSTEE'S, MOTION
TO DISMISS - 1

Foley Freeman PLLC
D. Blair Clark
Law Offices of D. Blair Clark P.C.

                    Defendants.

COMES NOW, DEFENDANT, GARY RAINSDON, TRUSTEE, by and through his undersigned counsel, Anderson, Julian & Hull LLP, and respectfully submits this Memorandum in Support of the Motion to Dismiss Plaintiffs' claims asserted in the Adversary Complaint (DE #1) on the basis of Fed. R. Civ. P. 12(b)(1), (2), and (6) and on the basis that Gary Rainsdon, as Trustee is immune from suit or liability to the Debtors/Plaintiffs on the basis of derived judicial immunity/quasi-judicial immunity.   In addition, Plaintiffs/Debtors have indicated and acknowledged that Trustee Gary Rainsdon should not be a party to this adversary proceeding.

Defendant Rainsdon states:

## I.   LEGAL STANDARDS

### A. Rule 12 Motions to Dismiss

Per Fed. R. Civ. P. 12(b), every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;

(2) lack of personal jurisdiction;

***

(6) failure to state a claim upon which relief can be granted…

### 1.   12(b)(1) Standard- Motions to Dismiss on the Basis of Lack of Subject Matter Jurisdiction

"Generally, a plaintiff's allegations of jurisdiction are sufficient, but when they are questioned, as in this case, the burden is on the plaintiff to prove jurisdiction." *Rosemound Sand & Gravel Co. v. Lambert Sand & Gravel Co.*, 469 F.2d 416, 418 (5th Cir. 1972). "Rule 12

MEMORANDUM IN SUPPORT DEFENDANT, GARY RAINSDON, TRUSTEE'S, MOTION TO DISMISS - 2

dismissals for lack of jurisdiction are non-discretionary and are to be entered whether the parties object or not." *Int'l Video Corp. v. Ampex Corp.*, 484 F.2d 634, 636 (9th Cir. 1973).

"Generally, if it appears from the face of the complaint that a federal claim is without merit, the court should dismiss for failure to state a claim, and not on jurisdictional grounds." *Sarmiento v. Texas Bd. of Veterinary Med. Examiners By & Through Avery*, 939 F.2d 1242, 1245 (5th Cir. 1991) (citing *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946)). "However, dismissal for want of jurisdiction is appropriate if the federal claim is frivolous or a mere matter of form." *Sarmiento*, *supra* (citing *Hagans v. Lavine,* 415 U.S. 528, 94 S.Ct. 1372, 1382, 39 L.Ed.2d 577 (1974)).

"A motion to dismiss based on qualified immunity is treated as a motion to dismiss for lack of subject matter jurisdiction." *Robbins v. Bureau of Land Mgmt.*, 252 F. Supp. 2d 1286, 1291 (D. Wyo. 2003) (citing *Meyers v. Colo. Dep't of Human Services,* No. 02–1054, 2003 WL 1826166, 2003 U.S.App. LEXIS 199, *2–3 (10th Cir. Jan. 6, 2003)). "The party invoking federal jurisdiction has the burden of proving by a preponderance of the evidence that jurisdiction exists." *Robbins*, *supra*.

### 2.    12(b)(2) Standard- Motions to Dismiss on the Basis of Lack of Personal Jurisdiction

"A defendant may move, prior to trial, to dismiss the complaint for lack of personal jurisdiction." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977) (citing Fed. R. Civ. P. 12(b)(2)). "Because there is no statutory method for resolving this issue, the mode of its determination is left to the trial court." *Data Disc.*, *Id.* (citing *Gibbs v. Buck*, 307 U.S. 66, 71-72, 59 S.Ct. 725, 83 L.Ed. 1111 (1939)). The limits which the district judge imposes on the pre-trial proceedings will affect the burden which the plaintiff is required to meet. *Data Disc.*, *supra*.

MEMORANDUM IN SUPPORT DEFENDANT, GARY RAINSDON, TRUSTEE'S, MOTION TO DISMISS - 3

"A defendant has an unqualified right to have an order entered granting a motion to dismiss when the court has no jurisdiction over the defendant." *Read v. Ulmer*, 308 F.2d 915 (5th Cir. 1962). "When faced with a motion to dismiss for lack of personal jurisdiction filed pursuant to Fed. R. Civ. P. 12(b)(2), a plaintiff must do more than merely allege that jurisdiction exists." *Lacovara v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 551 F. Supp. 601, 602 (E.D. Pa. 1982). "He must carry his burden of establishing facts in support of personal jurisdiction." *Id.*

### 3.    12(b)(6) Standard- Motions to Dismiss on for Failure to State a Claim Upon Which Relief Can be Granted

"A motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a party's claim for relief." *Fid. Nat. Ins. Co. v. Sandpoint Title Ins. Inc.*, No. 2:13-CV-0028-EJL, 2013 WL 2554500, at *3 (D. Idaho June 7, 2013). "When considering such a motion, the Court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards." *Id.* "A motion to dismiss will only be granted if the complaint fails to allege 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fid. Nat. Ins. Co. v. Sandpoint Title Ins. Inc.*, *supra*, at *3.

"Although 'we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008)). "Therefore, 'conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.'" *Fid. Nat. Ins. Co. v. Sandpoint Title Ins. Inc.*, *supra*, at *3 (citing *Caviness v. Horizon Comm. Learning Cent., Inc.*, 590 F.3d 806, 811–12 (9th Cir. 2010)).

"The qualified immunity defense may be asserted in a Rule 12(b)(6) motion." *Robbins v.*

*Bureau of Land Mgmt.*, 252 F. Supp. 2d 1286, 1292 (D. Wyo. 2003) (citing *Pueblo Neighborhood Health Centers, Inc. v. Losavio*, 847 F.2d 642, 645 (10th Cir. 1988)). "The district court must accept as true all well-pleaded factual allegations in the complaint when reviewing a Rule 12(b)(6) motion in which qualified immunity is asserted as a defense." *Robbins*, *supra* (citing *Neiberger v. Hawkins*, 70 F. Supp. 2d 1177, 1181 (D. Colo. 1999)).

The "not without foundation" standard that a party must satisfy in order to obtain leave to sue a bankruptcy trustee under the *Barton*[1] doctrine is similar to the standard for evaluating motion to dismiss for failure to state a claim. *In re Christensen*, 598 B.R. 658, 667 (Bankr. D. Utah 2019) (evaluating potential suit by debtors against trustee). "To avoid dismissal under Rule 12(b)(6), a plaintiff must allege sufficient facts 'to state a claim to relief that is plausible on its face.'" *Id.* (citing *Bell Atl. Corp. v. Twombly*, *supra*, 550 U.S. 544, 570 (2007)).

## B. Dismissal on the Basis of Quasi-Judicial and Derived Judicial Immunity from Suit

"As a general matter, bankruptcy trustees enjoy broad immunity from suit when acting within the scope of their authority and pursuant to court order." *United States v. Hemmen*, 51 F.3d 883, 891 (9th Cir. 1995) (citing *Bennett v. Williams*, 892 F.2d 822, 823 (9th Cir. 1989)). "[A] bankruptcy trustee is immune from suit for personal liability for acts taken as a matter of business judgment in acting in accordance with statutory or other duty or pursuant to court order." *In re Smith*, 645 F.3d 186, 190 (2d Cir. 2011). "The Trustee is immune for actions that are functionally comparable to those of judges, i.e., those functions that involve discretionary judgment." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002), *as amended* (Sept. 6, 2002).

## II.    ARGUMENT

The face of the Adversary Complaint (DE #1) demonstrates that it should be dismissed on

---

[1] 104 U.S. 126 (1881)

MEMORANDUM IN SUPPORT DEFENDANT, GARY RAINSDON, TRUSTEE'S, MOTION TO DISMISS - 5

the basis of lack of subject matter jurisdiction, lack of personal jurisdiction, for failure to state a claim upon which relief can be granted, and on the basis of quasi-judicial immunity from suit. The Court should also grant this Defendant attorney's fees for having to respond to the frivolous suit which Plaintiffs have since acknowledged should not have been filed against Trustee Gary Rainsdon.

**A. The Adversary Complaint Should be Dismissed on the Basis of Fed. R. Civ. P. 12.**

Plaintiffs, Joseph E. Beumeler and LaurieAnn B. Shoemaker, allege in their Adversary Complaint that they were Debtors in an underlying Chapter 12 bankruptcy action, Case: 20-00713-NGH. (DE #1, pp. 1, 3) They allege that Defendant Rainsdon was the Trustee in that action. (DE #1, pp. 2, 7, 8, *passim*) The Adversary Complaint identifies Defendant Rainsdon as "a trustee of the U.S. Bankruptcy Court District of Idaho." (DE #1, p. 18)

Because Defendant Rainsdon is a Trustee of the Bankruptcy Court, which is clear from the face of the Adversary Complaint, this Court does not have subject matter jurisdiction over the claim; the Court cannot exercise jurisdiction over Trustee Rainsdon as a Defendant in an adversary proceeding brought by Debtors; and the claim against him fails to state a claim upon which relief can be granted. Thus, dismissal under Fed. R. Civ. P. 12(b)(1), (2), and (6) is appropriate. "The qualified immunity defense may be asserted in a Rule 12(b)(6) motion." *Robbins v. Bureau of Land Mgmt.*, *supra*, 252 F. Supp. 2d 1286, 1292 (D. Wyo. 2003). Because the Adversary Complaint against Defendant Rainsdon is brought against him in his trustee capacity, it should be dismissed. *See Lonneker Farms, Inc. v. Klobucher*, *supra*, 804 F.2d 1096, 1097 (affirming dismissal of action by debtor against trustee).

**B. The Adversary Complaint Should be Dismissed Because Trustee Rainsdon is Immune from Suit Here.**

"Judges historically have been granted absolute immunity from suits for their judicial acts."

*In re Cedar Funding, Inc.*, 419 B.R. 807, 822 (B.A.P. 9th Cir. 2009). "An offshoot of judicial immunity is the doctrine of quasi-judicial immunity which extends immunity to nonjudicial officers for 'all claims relating to the exercise of judicial functions.'" *Id.* (citing *In re Castillo*, 297 F.3d 940 (9th Cir. 2002)). The case of *Lonneker Farms*, 804 F.2d 1096, discussed above, is instructive here, as it examines quasi-judicial immunity for a bankruptcy trustee and is factually similar to the case at bar.

In the present case, Plaintiffs' Adversary Complaint identifies Defendant Rainsdon as "a trustee of the U.S. Bankruptcy Court District of Idaho." (DE #1, p. 18) In *Lonneker Farms*, one of the defendants was a United States Bankruptcy Court Trustee. *Lonneker Farms, supra*, 804 F.2d at 1096-97. Plaintiffs here, Joseph E. Beumeler and LaurieAnn B. Shoemaker, brought a Chapter 12 proceeding in the Bankruptcy Court (Case: 20-00713-NGH). (DE #1, pp. 1, 3, 7 *et seq.*) In *Lonneker Farms*, the bankruptcy proceedings involved the debtor's fam. *Id.* at 1096. The same is true in the present case. (DE #1, pp. 2, 7) The plaintiff in *Lonneker Farms* complained of:

> the wrongful appointment of Allen Hatley as trustee in bankruptcy by Judge Klobucher, certain wrongful acts relating to the crops and farming operations done by Hatley before he became trustee but while acting under authority given him by Judge Klobucher, other wrongful acts by Hatley while acting as a trustee, and the assertion that Judge Klobucher and Hatley at all times conspired to commit these wrongs.
>
> 804 F.2d at 1096-97.

Here, Plaintiffs Beumeler and Shoemaker complain, *inter alia*, that Trustee Rainsdon showed "overwhelming 'Negative Debtor-Bias'"; took the sale proceeds from the Debtors' tractor sale; and was complicit in a plan to control and harm the farm. (DE #1, pp. 2, 15, 44) These allegations are similar to those of the debtor in *Lonneker Farms* that the trustee engaged in "certain wrongful acts relating to the crops and farming operations." *Id.* at 1097.

MEMORANDUM IN SUPPORT DEFENDANT, GARY RAINSDON, TRUSTEE'S, MOTION TO DISMISS - 7

In *Lonneker Farms*, the District Court dismissed the debtor's complaint against the trustee. The Ninth Circuit affirmed, stating, "Hatley, as a trustee in bankruptcy or an official acting under the authority of the bankruptcy judge, is entitled to derived judicial immunity because he is performing an integral part of the judicial process." 804 F.2d at 1097. The Court concluded: "Lonnecker's allegations with respect to Hatley are conclusory and are insufficient to demonstrate that Hatley acted outside the limits of his derived judicial immunity." *Id.* Thus, the Ninth Circuit upheld the dismissal, letting the trustee out of the case.

This is in line with other case law out of the Ninth Circuit and other Courts holding that trustees are generally not liable to debtors, and are immune from suit, except in the rarest of circumstances—and that permission to sue trustees must be sought before a lawsuit can be brought. *See, e.g., In re Castillo, supra*, 297 F.3d 940, 945 (9th Cir. 2002), stating:

> it is generally held that without leave of the bankruptcy court, no suit may be maintained against a trustee for actions taken in the administration of the estate. A court other than the appointing court has no jurisdiction to entertain an action against the trustee for acts within the trustee's authority as an officer of the court without leave of the appointing court. 3 COLLIER ON BANKRUPTCY¶ 323.03[3] (15th ed. rev. 2001). The requirement of obtaining leave from the appointing court to sue a trustee is long-standing. *See Barton v. Barbour*, 104 U.S. 126, 129, 26 L.Ed. 672 (1881).

"The Ninth Circuit addressed trustee liability in *Castillo*, which concerned whether a Chapter 13 bankruptcy trustee was personally liable for miscalendaring a plan confirmation hearing and for failing to give the debtor notice of the hearing." *In re R. Woolsey & Assocs., Inc.*, 454 B.R. 782, 788 (Bankr. D. Idaho 2011). "Before deciding whether the trustee was liable, the Ninth Circuit first considered whether the trustee was entitled to immunity, recognizing that 'a trustee in bankruptcy... is entitled to derived judicial immunity because he is performing an integral part of the judicial process.'" *In re R Woolsey & Assocs.* (citing *Castillo, Id.*, and *Lonneker Farms, supra*).

MEMORANDUM IN SUPPORT DEFENDANT, GARY RAINSDON, TRUSTEE'S, MOTION TO DISMISS - 8

In *In re Cedar Funding, Inc.*, *supra*, 419 B.R. 807, 822 (B.A.P. 9th Cir. 2009), the Court held that the bankruptcy trustee had absolute quasi-judicial immunity from damages for acts or omissions which were within the ambit of the trustee's official duties, based on the earlier case of *Mullis v. U.S. Bankruptcy Court for District of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). In *Mullis*, the Ninth Circuit affirmed another dismissal of a lawsuit brought against a trustee by a debtor, finding that all the alleged acts and omissions occurred within the ambit of the trustee's official duties, and he therefore enjoyed absolute immunity from suit. *Mullis*, 828 F.2d at 1390-91.

As in the *Castillo*, *Lonneker Farms*, *In re R Woolsey & Assocs.*, *In re Cedar Funding*, and *Mullis* cases, all the allegations against Defendant Trustee Rainsdon relate to his acts which occurred within the course of his official duties undertaken as a U.S. Trustee. Therefore, as in those cases, dismissal in Rainsdon's favor is appropriate, on the basis of immunity from suit.

### C. Defendant Rainsdon Should be Granted His Reasonable Attorney's Fees for Responding to the Adversary Complaint.

The Court may impose sanctions against Plaintiffs for the improper filing of the Adversary Complaint against the Trustee Gary Rainsdon. Plaintiffs acknowledged in their Motion for Summary Judgment on Vacating Bankruptcy Case Dismissal (DE #20) that this Defendant should not have been sued in these adversary proceedings. That Motion stated:

> Plaintiffs here also note and declare that, as of this filing, Trustee Gary Rainsdon in the Bankruptcy Case is no longer a Defendant in this Adv. Proc. His more formal removal from the Defendant list will be restated and fully explained by Plaintiffs in a forthcoming Amendment to Complaint.

(DE #20, p. 3)

Even without this concession from Plaintiffs, it is clear that, due to Trustee Rainsdon's immunity from suit by the Debtor-Plaintiffs, the Adversary Complaint should not have been filed

MEMORANDUM IN SUPPORT DEFENDANT, GARY RAINSDON, TRUSTEE'S, MOTION TO DISMISS - 9

against Defendant Rainsdon. See, e.g., *Lonneker Farms, Inc. v. Klobucher*, *supra*, 804 F.2d at 1097.

A bankruptcy Court may impose sanctions for a bad faith filing and for subsequent actions that compound the bad faith filing. See, e.g., *In re Collins*, 250 B.R. 645, 655 (Bankr. N.D. Ill. 2000) (citing 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 9011). Rule 9011 allows fees to be imposed against the person who signed the complaint—even if it is a *pro se* party As the Court in *In re Collins* recounted:

> Fed. R. Bankr.P. 9011(b). Rule 9011(c) authorizes the bankruptcy courts to impose sanctions for violations of Rule 9011(b):
>
>> If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.
>
> Fed. R. Bankr.P. 9011(c). Sanctions shall be limited to what is sufficient to deter the conduct complained of. Fed. R. Bankr.P. 9011(c)(2). Sanctions may be nonmonetary or may include payment of some or all of the reasonable attorneys [sic] fees incurred as a result of the violation. Fed. R. Bankr.P. 9011(c)(2).

250 B.R. at 659.

In this case, the parties who signed the Adversary Complaint were Plaintiffs Joseph E. Beumeler and LaurieAnn B. Shoemaker. They thus can be sanctioned for the faith filing of the Adversary Complaint, pursuant to Rule 9011.

Meanwhile, bankruptcy courts have inherent power under § 105(a) to sanction bad faith or vexatious conduct that does not fall within the purview of Rule 9011. *In re Rainbow Magazine*, 77 F.3d 278, 284–85 (9th Cir. 1996). "By providing that bankruptcy courts could issue orders necessary 'to prevent an abuse of process,' Congress impliedly recognized that bankruptcy courts have the inherent power to sanction…" *Id*. at 284 (citing 11 U.S.C. § 105(a)). "Bankruptcy courts have both statutory and inherent powers to sanction under § 105(a)." *In re Collins*, *supra*, 250

MEMORANDUM IN SUPPORT DEFENDANT, GARY RAINSDON, TRUSTEE'S, MOTION TO DISMISS - 10

B.R. at 656.

Thus, this Court has the statutory and inherent power to award attorney's fees to Defendant Rainsdon on the basis of Plaintiffs' bad faith filing of the Adversary Complaint here, and the Court should award such fees.

### III.    CONCLUSION

Plaintiffs' Adversary Complaint (DE #1) against Defendant, Gary Rainsdon, Trustee, should be dismissed, with prejudice, on the grounds and for the reasons set forth above. The Court should grant attorney's fees and costs to this Defendant for having to defend against the frivolous lawsuit brought despite the Trustee's immunity from suit.

DATED this ___26___ day of February, 2021.

ANDERSON, JULIAN & HULL LLP

By: _____
       Brian K. Julian, Of the Firm
       Anne S. Magnelli, of the Firm
       Attorneys for Defendant Gary Rainsdon, Trustee

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __26th__ day of February, 2021, I served a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT DEFENDANT, GARY RAINSDON, TRUSTEE'S, MOTION TO DISMISS** by delivering the same to each of the following attorneys of record, by the method indicated below, addressed as follows:

| | |
|---|---|
| Joseph Beumeler and LaurieAnn Shoemaker<br>29862 Emmett Road<br>Caldwell, Idaho 83607<br>T: (208) 573-3604<br>E: LAShoemaker.z@gmail.com<br>*Pro Se Plaintiffs* | ☐ U.S. Mail, postage prepaid<br>☐ Hand-Delivered<br>☐ Overnight Mail<br>☒ E-Mail<br>☒ ECF/e-File |
| Honorable Noah G. Hill<br>U.S. District & Bankruptcy Courthouse<br>Boise Office<br>550 W. Fort Street, Suite 400<br>Boise, Idaho 83724 | ☒ U.S. Mail, postage prepaid<br>☐ Hand-Delivered<br>☐ Overnight Mail<br>☐ E-Mail<br>☒ ECF/e-File |

MEMORANDUM IN SUPPORT DEFENDANT, GARY RAINSDON, TRUSTEE'S, MOTION TO DISMISS - 11

*Defendant*

U.S. Trustee
720 Park Blvd. Suite 220
Boise, Idaho 83712
*Defendant*

☒ U.S. Mail, postage prepaid
☐ Hand-Delivered
☐ Overnight Mail
☐ E-Mail
☒ ECF/e-File

Clint Nef
SAG Intermountain
1 South Main Street, Suite #1400
Salt Lake City, Utah 84133-1109
*Defendant*

☒ U.S. Mail, postage prepaid
☐ Hand-Delivered
☐ Overnight Mail
☐ E-Mail
☒ ECF/e-File

SAG Intermountain
1 South Main Street, Suite # 1400 Salt Lake
City. Utah 84133-1109
*Defendant*

☒ U.S. Mail, postage prepaid
☐ Hand-Delivered
☐ Overnight Mail
☐ E-Mail
☒ ECF/e-File

Zions Bank
2460 S. 3270
West Salt Lake City, UT 84119
*Defendant*

☒ U.S. Mail, postage prepaid
☐ Hand-Delivered
☐ Overnight Mail
☐ E-Mail
☒ ECF/e-File

Zions First National Bank
150 S Fort Ln
Layton, UT 84041-4320
*Defendant*

☒ U.S. Mail, postage prepaid
☐ Hand-Delivered
☐ Overnight Mail
☐ E-Mail
☒ ECF/e-File

Zions Bancorporation, N.A.
1 S. Main Street
Salt Lake City, Utah 84133
*Defendant*

☒ U.S. Mail, postage prepaid
☐ Hand-Delivered
☐ Overnight Mail
☐ E-Mail
☒ ECF/e-File

David H. Leigh
RAY QUINNEY & NEBEKER
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
*Defendant*

☒ U.S. Mail, postage prepaid
☐ Hand-Delivered
☐ Overnight Mail
☐ E-Mail
☒ ECF/e-File

Michael D. Mayfield
RAY QUINNEY & NEBEKER
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
*Defendant*

☒ U.S. Mail, postage prepaid
☐ Hand-Delivered
☐ Overnight Mail
☐ E-Mail
☒ ECF/e-File

MEMORANDUM IN SUPPORT DEFENDANT, GARY RAINSDON, TRUSTEE'S, MOTION
TO DISMISS - 12

| | |
|---|---|
| RAY QUINNEY & NEBEKER<br>36 South State Street, Suite 1400<br>P.O. Box 45385<br>Salt Lake City, Utah 84145-0385<br>*Defendant* | ☒ U.S. Mail, postage prepaid<br>☐ Hand-Delivered<br>☐ Overnight Mail<br>☐ E-Mail<br>☒ ECF/e-File |
| D. Blair Clark<br>LAW OFFICES OF D. BLAIR CLARK PC<br>967 E. Parkcenter Blvd., #282<br>Boise, ID 83706<br>*Defendant* | ☒ U.S. Mail, postage prepaid<br>☐ Hand-Delivered<br>☐ Overnight Mail<br>☐ E-Mail<br>☒ ECF/e-File |
| LAW OFFICES OF D. BLAIR CLARK PC<br>967 E. Parkcenter Blvd., #282<br>Boise, ID 83706<br>*Defendant* | ☒ U.S. Mail, postage prepaid<br>☐ Hand-Delivered<br>☐ Overnight Mail<br>☐ E-Mail<br>☒ ECF/e-File |
| Patrick Geile<br>FOLEY FREEMAN, PLLC<br>953 S. Industry Way<br>P.O. Box 10<br>Meridian, ID 83680<br>*Defendant* | ☒ U.S. Mail, postage prepaid<br>☐ Hand-Delivered<br>☐ Overnight Mail<br>☐ E-Mail<br>☒ ECF/e-File |
| FOLEY FREEMAN PLLC<br>953 S. Industry Way<br>P.O. Box 10<br>Meridian, ID 83680<br>*Defendant* | ☒ U.S. Mail, postage prepaid<br>☐ Hand-Delivered<br>☐ Overnight Mail<br>☐ E-Mail<br>☒ ECF/e-File |

_____
Brian K. Julian

MEMORANDUM IN SUPPORT DEFENDANT, GARY RAINSDON, TRUSTEE'S, MOTION
TO DISMISS - 13